**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SUZANNE VENTURA,**

                        **Plaintiff,**

    vs.                                            6:15-cv-00833
                                                         (MAD/TWD)

**CAROLYN W. COLVIN,** *as*
*Commissioner of the Social Security*
*Administration*,

                        **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**    **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **LAUREN E. MYERS, Special AUSA**
Office of Regional General Counsel, Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Suzanne Ventura. ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her applications for Disability Insurance Benefits ("DIB"), disabled widow's benefits, and Supplemental Security Income ("SSI") under the Social Security Act. *See* Dkt. No. 1. Presently before the Court are the parties' motions for judgment on the pleadings. *See* Dkt. Nos. 16, 17. This matter was referred to United States Magistrate Judge Therèse Wiley Dancks

for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

On October 2, 2012, Plaintiff protectively filed applications for DIB and disabled widow's benefits, alleging disability onset on May 15, 2012. *See* Dkt. No. 10, Administrative Transcript ("T."), at 253. Subsequently, Plaintiff also filed an application for SSI on October 12, 2012. *See id.* at 44. The applications were initially denied on February 26, 2013 by the state agency under the Social Security Act. *See id.* at 106-44. Plaintiff requested a hearing by the ALJ, and a disability hearing was conducted by video-teleconference on November 13, 2013 before Administrative Law Judge Hortensia Haaversen (the "ALJ"). *See id.* at 64-105. On November 25, 2013, the ALJ issued a decision denying Plaintiff's claims for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *See id.* at 41-57. Plaintiff filed a request for review with the Appeals Council, which denied review through a letter dated May 21, 2015, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 16-20, 38-40.

Plaintiff commenced this action on July 8, 2015, seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff argues that the Commissioner failed to consider and address additional evidence submitted to the Appeals Council subsequent to the ALJ's decision. *See* Dkt. No. 16 at 1. Plaintiff also argues that her impairments met or medically equaled a Listed Impairment in 20 C.F.R. Part 404, Subpt. P, App. 1 ("Listed Impairments"). *See id.* Finally, Plaintiff contends that ALJ improperly weighed the opinion evidence and improperly evaluated Plaintiff's credibility. *See id.* Specially, Plaintiff argues that the Appeals Council did not did not assess or assign weight to the medical source statements from

2

Plaintiff's mental health care providers, Nurse Practitioner Talarico and Social Worker Misiaszek, that related back to before the ALJ's decision was rendered. *See* Dkt. No. 16 at 10-13.

In a Report and Recommendation dated August 30, 2016, Magistrate Judge Wiley Dancks, found that the ALJ assessed and weighed the medical evidence from Plaintiff's treating mental health providers that were submitted prior to the hearing, acknowledging that neither source was an accepted medical source pursuant to the regulations. *See* Dkt. No. 18 at 11-21. After reviewing the administrative record, Magistrate Judge Wiley Dancks found that there was a gap in Plaintiff's mental health treatment records, and that gap was even more highlighted when reviewing the additional opinion evidence submitted to the Appeals Council. *See id.* at 11-25. The treatment records reflected that Plaintiff was making good progress in her treatment signs, but then the records have notes of worsening depression and anxiety beginning in October 2012 and March 2013. *See id.*; T. at 351, 355, 357, 359, 362. In the six months before the November 13, 2013 hearing, there were no further treatment records received or obtained. Further, Plaintiff had a significant change in medication during that period of time that cannot be explained without additional medical evidence. Accordingly, Magistrate Judge Wiley Dancks recommended that the absence of treatment records from Nurse Practitioner Talarico and Social Worker Misiaszek during this time period created an incomplete administrative transcript. *See id.*

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Wagner*, 906 F.2d at 860; *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere

scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984). However, a court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence, as "application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.; Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of

4

further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Here, the Parties have not filed any objections to the Report and Recommendation.

In the present matter, having carefully reviewed Magistrate Judge Wiley Dancks' Report and Recommendation, the Parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Wiley Dancks correctly determined that the ALJ should have further develop the administrative record before rendering a determination on disability. To be sure, an ALJ has an affirmative duty to develop a complete medical record before making a disability determination pursuant to 20 C.F.R. § 404.1512(d). *See Rosa v. Callahan*, 168 F.3d 72, 81 (2d Cir. 1999); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Where, as here, there is evidence indicating a change in Plaintiff's mental condition followed by an absence of medical evidence together with medical source statements with opinions of Plaintiff's worsened condition, the ALJ had a duty to further develop the medical evidence. As such, the Court finds that Magistrate Judge Wiley Dancks correctly determined that the decision of the Commissioner should be vacated and the matter be remanded for further development of the medical evidence.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Wiley Dancks' August 30, 2016 Report and Recommendation is ADOPTED for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and

this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Wiley Dancks' Report and Recommendation that has been adopted by this Court; and the Court further

    **ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge