**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SUZANNE VENTURA,**

                                        **Plaintiff,**

      **vs.**                                                          **6:15-CV-833**
                                                                        **(MAD/TWD)**

**NANCY A. BERRYHILL,** *Acting Commissioner of*
*Social Security*

                                        **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**           **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**          **LAUREN E. MYERS, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

        Currently pending before the Court is Suzanne Ventura's ("Claimant") motion for an

award of attorney's fees pursuant to 42 U.S.C. § 406(b).  *See* Dkt. No. 23 at ¶ 10.  The Acting

Commissioner[1] has not opposed this motion.  *See* Dkt. No. 25 at 1.  For the following reasons, the motion is granted.

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990).  "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.  Section 406(b) does not displace any contingent-fee arrangement between the claimant and the attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits.  *Gisbrecht*, 535 U.S. at 792-93.  Where fee awards are made under both § 406(b) and the Equal Access to Justice Act ("EAJA"), the claimant's attorney must refund the smaller amount to the claimant.  *See id.* at 796.

Here, counsel seeks payment of twenty-five percent of the past-due benefits owed.  *See* Dkt. No. 23 at ¶ 7.  Claimant's past-due benefits amount to $49,913.00, twenty-five percent of which is $12,478.25.  *See* Dkt. No. 25 at 2.  Pursuant to a consent agreement between the parties, Claimant was previously awarded attorney's fees in the amount of $4,000 under the EAJA.  *See* Dkt. No. 24 at 1.  Counsel has indicated that, in the event that the Court awards fees pursuant to §

---

[1] Nancy. A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Nancy A. Berryhill will substitute for former Acting Commissioner Carolyn W. Colvin.  *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive not withstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office).

406(b), he will refund the smaller of the awards to Claimant.  *See* Dkt. No. 23 at ¶ 8; *see also Gisbrecht*, 535 U.S. at 794-95.

Counsel's itemized summary shows counsel performed 22.7 hours of attorney work, which amounts to a de facto hourly rate of $549.70.  *See* Dkt. No. 25 at 2; Dkt. No. 25-1 at 1.  The Court finds that $12,478.25 is reasonable, given the hours expended, the fact that counsel secured a favorable outcome for Claimant, and the Acting Commissioner's lack of opposition to the request. There is no evidence of fraud or overreaching, and an hourly rate of $549.70 would not be a windfall to counsel.  *See, e.g., Devaux v. Astrue*, 932 F. Supp. 2d 349, 351 (E.D.N.Y. 2013) (holding that $386.00 per hour was reasonable); *Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, *4 (E.D.N.Y. Nov. 26, 2012) (holding that an hourly rate of $650 was reasonable); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 6, 2009) (rejecting the government's claim that an hourly rate of $743.30 amounted to a windfall).  Thus, counsel's motion for attorney's fees pursuant to § 406(b) is granted.

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Claimant's motion for attorney's fees (Dkt. No. 23) is **GRANTED** in the amount of $12,478.25; and the Court further

**ORDERS** that counsel refund Claimant the sum of $4,000 previously awarded to Claimant under the EAJA; and the Court further

**ORDERS** that the Acting Commissioner is directed to take the steps necessary to cause the amount of $12,478.25 to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing

regulations as interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Decision and Order; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of the Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 29, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge